UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EMILIO PINERO,
    Plaintiff,
vs.

FIRST CONSTRUCTION CORP. and
BAMBOO RESTAURANT & LOUNGE LLC
d/b/a EL SARTEN RESTAURANT & LOUNGE,
    Defendants.

## COMPLAINT

Plaintiff, EMILIO PINERO (hereinafter "Plaintiff"), by his undersigned counsel, hereby files this Complaint and sues Defendants FIRST CONSTRUCTION CORP. and BAMBOO RESTAURANT & LOUNGE d/b/a EL SARTEN RESTAURANT & LOUNGE (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

## PARTIES

**2.** Plaintiff, EMILIO PINERO, is a resident of Florida and currently lives in Miami, Florida and is *sui juris*. He is a qualified individual with disabilities under the ADA law. Mr. Pinero is a double leg amputee from the knees down. Mr. Pinero owns his own vehicle and does drive. He has visited the property, which forms the basis of this lawsuit and plan to return to the property to avail himself of the goods and services offered to the public at the property, and to

determine whether the property has been made ADA compliant. His access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities and will be denied and/or barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in the Complaint.

3. Independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited the Premises, encountered barriers to access at the Premises, engaged and tested those barriers, suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access and the violations of the ADA set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

4. Defendant, FIRST CONSTRUCTION CORP. transacts business in the State of Florida and within this judicial district. Defendant is the owner and/or representative of the owner and/or operator of the property, which is the subject of this action, located on or about 5904 W 20th Ave, Hialeah, FL 33016 (hereinafter the "Facility").

5. Defendant, BAMBOO RESTAURANT & LOUNGE LLC transacts business in the State of Florida and within this judicial district. Defendant is the owner and/or operator of the restaurant known as EL SARTEN RESTAURANT & LOUNGE, which was licensed on 03/10/2021 to provide Permanent Food Service and is the subject of this action, located on or about 5904 W 20th Ave, Hialeah, FL 33016 (hereinafter "Facility").

6. The Facility is in an area frequently traveled by Plaintiff.

7. The Defendants' Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

8. In this instance, Mr. Pinero visited the Facility and encountered barriers to access at the Facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendants' ADA violations set forth herein.

9. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility and the actions or inactions described herein.

10. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

**FACTUAL ALLEGATIONS AND CLAIM**

11. Mr. Pinero has attempted to and has, to the extent possible, accessed the Facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

12. Mr. Pinero intends to visit the Facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the Facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit his access to the Facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

13. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

14. Defendants have discriminated against Mr. Pinero by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

**Parking Spaces by El Sarten Restaurant and Lounge**

    i. Accessible parking space has a non-compliant surface slope contrary to 2010 ADA Code §502.4

    ii. Access aisle has a non-compliant width contrary to 2010 ADA Code §502.3

    iii. Access aisle has a non-compliant surface slope contrary to 2010 ADA Code §502.4

    iv. Access aisle is not outlined in white contrary to Florida Code §50.2.3.3

    v. Accessible parking space does not have signage indicating accessible parking due to a lack of maintenance contrary to 2010 ADA Code §502.6

    vi. Accessible parking space has a non-compliant width contrary to Florida Code §50.2.2

**Parking Spaces by Domino's Pizza**

    vii. Accessible parking space has a non-compliant surface slope contrary to 2010 ADA Code §502.4

    viii. Access aisle has a non-compliant width contrary to 2010 ADA Code §502.3

    ix. Access aisle has a non-compliant surface slope contrary to 2010 ADA Code §502.4

    x. Access aisle is not outlined in white contrary to Florida Code §50.2.3.3

    xi. Accessible parking space does not have signage indicating accessible parking due to a lack of maintenance contrary to 2010 ADA Code §502.6

    xii. Accessible parking space has a non-compliant width contrary to 2010 ADA Code §502.3, and §36.211

    xiii. Accessible parking spaces and access aisles have faded lines due to the lack of maintenance contrary to Florida Code §50.2.2

**Parking Spaces by Suite 5828**

    xiv. Accessible parking space has a non-compliant surface slope contrary to 2010 ADA Code §502.4

    xv. Access aisle has a non-compliant width contrary to 2010 ADA Code §502.3

    xvi. Access aisle has a non-compliant surface slope contrary to 2010 ADA Code §502.4

    xvii. Access aisle is not outlined in white contrary to Florida Code §50.2.2

**Main Entrance**

    xviii. Maneuvering clearance on the pull side of the door has non-compliant slope contrary to 2010 ADA Code §404.2.4

**Exterior Seating Area**

xix. Table does not provide the required knee clearance. Table base encroaches over the required clear floor space contrary to 2010 ADA Code §902.2

xx. Seating area does not provide the required number of accessible tables accessible table provided. contrary to 2010 ADA Code §226.1

**Interior Seating Area**

xxi. Table does not provide the required knee clearance. Table base encroaches over the required clear floor space contrary to 2010 ADA Code §902.2

xxii. Seating area does not provide the required number of accessible tables accessible table provided. contrary to 2010 ADA Code §226.1

**Main Bar Area**

xxiii. There is no lower portion of the counter provided contrary to 2010 ADA Code §902.3

**Men's Accessible Restroom – General Area**

xxiv. Permanent room identifying signage does not have Braille or raised characters and is mounted on the door leaf contrary to 2010 ADA Code §703.4.1

xxv. Door has a non-compliant door opening force contrary to 2010 ADA Code §404.2.9

xxvi. Lavatory counter encroaches over maneuvering clearance on the push side of the door contrary to 2010 ADA Code §404.2.4

xxvii. Non-compliant locking door hardware, requiring grasping and turning of the wrist to operate contrary to 2010 ADA Code §404.2.7

xxviii. Lavatory has unwrapped bottom sink pipes. Failing to maintain the pipes cover against contact contrary to 2010 ADA Code §606.5

xxix. Lavatory is mounted at 36.75" above the finished floor to top of rim contrary to 2010 ADA Code §606.3

xxx. Lavatory mirror is mounted at 52.5" above the finished floor to bottom edge of its reflecting surface contrary to 2010 ADA Code §603.3

**Men's Accessible Restroom - Stalls**

xxxi. Water closet encroaches over maneuvering clearance on the pull side of the door contrary to 2010 ADA Code §404.2.4

xxxii. Maneuvering clearance on the pull side of the door is 17.5" contrary to 2010 ADA Code §404.2.4

xxxiii. Trash bin encroaches over the water closet clearance contrary to 2010 ADA Code §604.3.2ec

xxxiv. Water closet is centered at 19.5" from side wall contrary to 2010 ADA Code §604.2

xxxv. Water closet has a 36" long side wall grab bar contrary to 2010 ADA Code §604.5.1, and

xxxvi. Toilet tissue dispenser is mounted on the opposite wall from the water closet contrary to 2010 ADA Code §604.7.

15. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the discriminatory acts violating the ADA.

16. Mr. Pinero has attempted to gain access to the Facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the Facility, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

17. Plaintiff, in his capacity as a tester, will absolutely return to the Premises when Defendants modify the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA

18. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much

difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

19. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

20. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

21. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 558730
*Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC

       8101 Biscayne Blvd., Ste. 504  
       Miami, Florida 33138  
       (561) 573-2106  
       GGoldstein@G2Legal.net

       s/ Lauren N. Wassenberg  
       Lauren N. Wassenberg, Esq. (FBN: 34083)  
         *Attorney for Plaintiff*  
       Lauren N. Wassenberg & Associates, P.A.  
       33 SE 4th St., Ste. 100  
       Boca Raton, Florida 33432  
       (561) 800-0405  
       WassenbergL@gmail.com